# IN THE COURT OF APPEALS OF IOWA

No. 19-0735
Filed November 4, 2020

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**GREG M. REDDEN,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, John C. Nelson, District Associate Judge.

Greg Redden appeals a sentencing order. **SENTENCE VACATED IN PART AND REMANDED FOR RESENTENCING.**

Martha J. Lucey, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Ahlers, JJ.

**MAY, Judge.**

Greg Redden stole merchandise from Fleet Farm. He pled guilty to theft in the third degree. *See* Iowa Code §§ 714.1(1), 714.2(3) (2018). The district court sentenced Redden to prison. The sentencing order suspended a fine but imposed court costs. The order also provided that Redden "shall pay not less than $50 monthly and the first payment shall be due within 30 days from the date of this order, until the fine, surcharges, restitution (if ordered) and court costs are paid in full."

On appeal, Redden raises a single issue: Did the district court err by requiring Redden to pay court costs before determining Redden's reasonable ability to pay court costs? We answer that question in the affirmative. Iowa Code section 910.2(1)(a)(3) provides that the district court may only order restitution for costs after finding the defendant has a reasonable ability to pay.[1] *State v. Hellman*, No. 18-1179, 2020 WL 110283, at *3 (Iowa Ct. App. Jan. 9, 2020) (citing *State v. Albright*, 925 N.W.2d 144, 159 (Iowa 2019)). We vacate the restitution provisions

---

[1] Iowa Code chapter 910 was recently amended to presume a defendant has the ability to pay and shift the burden to the defendant to request an ability-to-pay determination. *See* 2020 Iowa Acts ch. 1074, § 72 (codified at § 910.2A (Supp. 2020)) (enacting portions of Senate File 457 and providing "[a]n offender is presumed to have the reasonable ability to make restitution payments for the full amount of category 'B' restitution"). However, our supreme court issued an order clarifying the recent amendments apply to defendants sentenced on or after June 25, 2020. *See* Iowa Supreme Ct. Supervisory Order, *In the matter of Interim Procedures Governing Ability to Pay Determinations and Conversion of Restitution Orders* ¶ (C) (July 7, 2020) ("A defendant sentenced on or after June 25, 2020, shall be subject to the requirements of S.F. 457.").

of the sentencing order and remand to the district court to order restitution consistent with *Albright*, 925 N.W.2d at 158–62.[2]

**SENTENCE VACATED IN PART AND REMANDED FOR RESENTENCING.**

---

[2] *See State v. Doran*, No. 18-1086, 2020 WL 5651278, at *1 (Iowa Ct. App. Sept. 23, 2020) (remanding for resentencing in accordance with *Albright* and noting recent statutory changes to restitution were not applicable).